# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | |
|---|---|
| **WILLARD BRANDENBURG** | **CIVIL ACTION NO. 09-0822** |
| **LA. DOC #120819** | |
| **VS.** | **SECTION P** |
| | **JUDGE TRIMBLE** |
| **WARDEN, ELAYN HUNT CORR. CENTER** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

On May 14, 2009, *pro se* petitioner, Willard Brandenburg, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at the Elayn Hunt Correctional Center, St. Gabriel, Louisiana.  In this pleading, petitioner attacks his 2005 aggravated burglary conviction from the Thirty-First Judicial District Court, Jefferson Davis Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

A review of the pleadings and exhibits presently before the court establishes the following relevant statement of the case and chronology:

1

### 1.    *Trial*

On August 4, 2004 petitioner was charged by Bill of Information with attempted second degree murder, aggravated battery, possession of a firearm by a convicted felon and aggravated burglary.  These charges were lodged under Docket Number CR-678-04 of the Thirty-First Judicial District Court.  Petitioner was arraigned on those charges on November 22, 2004, and he entered a not guilty plea.  Thereafter, on December 13, 2004, the Jefferson Davis Parish Grand Jury indicted petitioner on the same offenses.  The indictment was assigned Docket Number CR-969-04.  On December 13, 2004, petitioner was arraigned on Docket Number CR-969-04 and he again entered a plea of not guilty.  Doc. 6, Att. 1, Exhibit A, Bill of Information, Indictment, Written Pleas.[1]

Prior to the commencement of trial, the attempted murder, aggravated battery, and firearm possession charges were severed by agreement of the parties.  Doc. 6, Att. 1, Exhibit D, Petitioner's Motion to Quash, p. 1.  The trial proceeded on the remaining charge of aggravated burglary and on November 22, 2005, petitioner was found guilty as charged.  On March 9, 2006, petitioner was sentenced to serve 30 years at hard labor without benefit of parole.

### 2.    *Direct Appeal*

Petitioner appealed his conviction and sentence to the Third Circuit Court of Appeal.  Petitioner's court-appointed appellate counsel argued six assignments of error:  (1) sufficiency of the evidence; (2) introduction of hearsay evidence (911 tapes); (3) trial court's sustaining an

---

[1] On December 2, 2009, petitioner filed copies of various pleadings and orders from the Thirty-First Judicial District Court, Third Circuit Court of Appeal, and Louisiana Supreme Court.  Those documents were filed as a Manual Attachment associated with Doc. 6.  Petitioner did not identify each document, nor did he sequentially number the pages submitted.  The undersigned has therefore alphabetically identified and chronologically arranged each set of documents as "Exhibits" for ease of reference.

objection to the hearsay testimony of Rhonda Comeaux; (4) trial court's denial of petitioner's request to discharge retained counsel and represent himself; (5) trial court's denial of motions for mistrial made pursuant to La. C.Cr.P. art. 775; and, (6) constitutional excessiveness of sentence.[2] Doc. 6, Att. 1, Exhibit B, Original Appeal Brief.

Petitioner submitted a *pro se* supplemental brief to the Third Circuit arguing four assignments of error: (1) the trial court erred in allowing the jury to take a copy of unknown material into jury deliberations and in giving an improper jury instruction; (2) the trial court erred in denying a  continuance; (3) the indictment was invalid; and (4) the limitations period had expired. Doc. 6, Att. 1, Exhibit C, Supplemental Appeal Brief.

On February 7, 2007, the Third Circuit affirmed petitioner's conviction and sentence. *State of Louisiana v. Willard Brandenburg*, 949 So.2d 625 (La. App. 3 Cir. 2006).[3]

On some unspecified date, petitioner filed a *pro se* writ application in the Louisiana Supreme Court.  Petitioner re-urged the six assignments of error alleged by his court appointed appellate counsel as well as the four *pro se* claims that were presented to the Third Circuit.  With regard to the jury bias issues, petitioner argued no federal Constitutional violations.  Doc. 6, Att. 1, Exhibit J, Pro Se Writ Application.[4]  In a writ application to the Louisiana Supreme Court

---

[2] Counsel did not argue violations of the United States Constitution with respect to Assignment of Error 2 (hearsay violation, admission of 911 tapes), Assignment of Error 3 (sustaining hearsay objection regarding the testimony of Ms. Comeaux), Assignment of Error 5 (denial of mistrial pursuant to La. C.Cr.P. art. 775), and Assignment of Error 6 (excessiveness of sentence). In each instance, counsel argued only violations of Louisiana law.  Doc. 6, Att. 1, Exhibit B, Original Brief on Appeal.

[3] The Court of Appeal declined review of Pro Se Assignment of Error No. 1 (unknown material taken into jury and improper jury instruction) as procedurally defaulted because petitioner did not lodge an objection at trial as required by La. C.Cr.P. art. 841 which provides, "[a]n irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence." *State of Louisiana v. Willard Brandenburg*, *Id.* at 647.  The Court also refused to reach the merits of Pro Se assignment of Error No. 4 since it was "not properly before this court on appeal." *Id.*, p. 649.

[4] Petitioner was instructed to provide a dated copy of the writ application or such other proof to establish

3

dated March 8, 2006, petitioner's appellate counsel sought review of the Third Circuit's judgment on direct appeal.   In this writ application, counsel argued only three claims: (1) sufficiency of the evidence; (2) the trial court committed error in sustaining the hearsay objection to Ms. Comeaux's testimony; and, (3) the trial court erred in failing to grant a mistrial.  As with the original appeal brief, counsel argued only violations of Louisiana law with respect to the mistrial and jury bias claims.  Doc. 6, Att. 1, Exhibit J, Counseled Writ Application.

The Louisiana Supreme Court denied writs on October 26, 2007.  *State of Louisiana v. Willard Brandenburg*, 966 So.2d 573 (La. 2007) and, *State of Louisiana v. Willard Brandenburg*, 966 So.2d 971 (La. 2007).  Petitioner did not seek further direct review in the United States Supreme Court.  Doc. 1, p. 2, ¶9(h).

**3.       *Motion to Quash the Severed Charges***

After trial and while the matter was on appeal, petitioner, on or about October 11, 2006, filed a *pro se* Motion to Quash for Failure to Provide a Fast and Speedy Trial.  Doc. 6, Att. 1, Exhibit D, Motion to Quash.  On October 30, 2006, the State filed a Motion to Dismiss the previously severed charges of attempted murder, aggravated battery, and felon in possession of a firearm.  Doc. 6, Att. 1, Exhibit E, State's Motion to Dismiss.  Petitioner filed another Motion to Quash in December 2006.  When the district court failed to act timely petitioner sought and obtained an order from the Third Circuit dated February 17, 2007, directing the district court to rule on the Motion to Quash. On February 27, 2007, the district court dismissed petitioner's motion.  Doc. 6, Att. 1, Exhibit F, Order/Judgment Denying Motion to Quash.[5]  Petitioner filed a

---

timely filing, however, he failed to do so. The copy submitted is incomplete and undated. Doc. 6, Att. 1, Exhibit K.

    [5] In denying relief the court noted that the severed charges had been dismissed by the District Attorney and that only upon subsequent re-institution of the charges would petitioner's motion to quash based on the expiration of

writ application in the Third Circuit on April 10, 2007.   Doc. 6, Att. 1, Exhibit G, Writ Application to Third Circuit Court of Appeal.   On May 10, 2007, the Third Circuit denied the writ finding "... no error in the trial court's ruling."   *State of Louisiana v. Willard Brandenburg*, KH 07-00441 (La. App. 3 Cir. 2007).   Doc. 6, Att. 1, Exhibit H, Writ Judgment, Third Circuit Court of Appeals.   Thereafter, petitioner applied for writs in the Louisiana Supreme Court.   Doc. 6, Att. 1, Exhibit I, Writ Application.   On March 24, 2008, the Supreme Court denied the writ application as "moot." See *State of Louisiana ex rel. Willard Brandenburg v. State of Louisiana*, 977 So.2d 948 (La. 2008),

### 4.   *Application for Post-Conviction Relief*

On October 14, 2008, petitioner filed a *pro se* application for post-conviction relief in the Thirty-First Judicial District Court.   The application alleged the following grounds for relief:

(1)   Conviction was unlawfully obtained pursuant to [a] criminal statute that does not fit the alleged crime committed.

(2)   Conviction obtained by action of grand or petit jury which was unconstitutionally selected or impaneled.

(3)   Trial Court erred in denying defendant's Motion for Mistrial based on Challenge for Cause to dismiss potential biased jurors.

(4)   Trial Judge's remarks during second jury panel selection when he instructed jury that they would be in trouble with him if they discussed this case with anybody was trial court error by use of intimidation.

(5)   Ineffective Assistance of Counsel by Appellate Attorney for failure to properly claim the erroneous use of 911 tapes as evidence presented to the jury.

(6)   Conviction obtained by the use of tainted evidence.

---

the limitations period be justiciable – "However, the present posture of this matter does not permit judicial intervention unless, and until, charges are re-instituted by the District Attorney."  Doc. 6, Att. 1, Exhibit F.

(7)     Denial of effective assistance of counsel, i.e. that defense counsel was ineffective for failing to meet with defendant in order to discuss and prepare defense, failing to promptly object to Mrs. Davis's testimony based on inconsistency with 911 tape, failing to establish tainted evidence, failing to have medical expert testify concerning the gunshot wound sustained by the defendant, and failing to properly object to the State's comment about Mr. Davis and defendant as being enemies.

(8)     Denial of Due Process of Law protections under the La. State Constitution, Art. I, Sections 2 and 15, and the U.S. Constitution, Amendments 5, 6 and 14 as (a) the conviction was obtained by invalid indictment because the State failed to dismiss the first indictment prior to prosecuting petitioner on the second indictment; and (b) an erroneous amendment of Grand Jury Indictment.

Doc. 6, Att. 1, Exhibit K, Application for Post-Conviction Relief and Memorandum and Brief in Support of Application for Post-Conviction Relief.

On October 28, 2008, the district court denied petitioner's application for post-conviction relief adopting the reasoning of the Third Circuit in its opinion issued on appeal.  The court, citing the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), determined that the claims of ineffective assistance of counsel were without merit.  The court further noted that the remaining claims for post-conviction relief had all been raised, argued, and resolved on direct appeal.  Doc. 6, Att. 1, Exhibit L.  Petitioner's Motion for Rehearing was denied on December 10, 2008.  Doc. 6, Att. 1, Exhibits M and N.

On December 19, 2008, petitioner filed a writ application in the Third Circuit Court of Appeal which was assigned Docket Number KH-08-1562.  In the writ application he presented only two claims for relief: (1) Petitioner was denied his Sixth Amendment right to an impartial jury; and, (2) improper jury instruction. Doc. 6, Att. 1, Exhibit O.  On April 30, 2009, the Third Circuit denied the writ noting:

There was no error in the trial court's rulings.  Furthermore, while Relator argued

inadequate and faulty jury instructions in brief to this court, he did not allege error regarding jury instructions in the application for post-conviction relief.  Therefore, this issue is not properly before this court. Uniform Rules – Courts of Appeal, Rule 1-3.  *State of Louisiana v. Willard Brandenburg*, KH 08-01562 (La. App. 3 Cir. 4/30/2009).

Doc. 6, Att. 1, Exhibit P.

Petitioner did not seek further review in the Louisiana Supreme Court.  Instead, petitioner filed the instant *habeas corpus* petition on May 14, 2009.

### *Law and Analysis*

**1.**   ***Exhaustion of State Court Remedies and Procedural Default***

Title 28 U.S.C. §2254 states, in pertinent part:

(b)(1)  An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court <u>shall not be granted unless it appears that</u>

    (A) <u>the applicant has exhausted the remedies available in the courts of the State</u>; or

    (B)    (i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.  (Emphasis supplied).

This statute codified the jurisprudential rule of exhaustion which requires that state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases.  *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989).  The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings."  *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982).  Federal and state courts are equally obliged to guard and protect rights secured by the Constitution, therefore, it would be

inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts.  *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims.  *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). "[F]ederal constitutional claims must have been presented to and considered by the state courts in a federal constitutional framework before resort can be made to federal courts." *Yohey v. Collins*, 985 F.2d 222, 226 (5th Cir.1993).  "It is not enough that all the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state-law claim was made."  *Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 277, 74 L.Ed.2d 3, 7 (1982) (*per curiam*) (internal citation omitted).  A *habeas corpus* petitioner fairly presents a claim to the state court by asserting the claim "in terms so particular as to call to mind a specific right protected by the Constitution" or by alleging "a pattern of facts that is well within the mainstream of constitutional litigation."  *Coleman v. Dretke*, 395 F.3d 216, 220, quoting from *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231-33 (2d Cir.1992).

A petitioner who presents new legal theories or factual claims in his federal *habeas* petition has not exhausted state court remedies.  *Anderson v. Harless*, 459 U.S. 4, 6-7, 103 S.Ct. 276, 277-78, 74 L.Ed.2d 3 (1982); *Riley v. Cockrell*, 339 F.3d 308, 318 ("It is not enough that the facts applicable to the federal claims were all before the State court, or that the petitioner made a

8

similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court."); *Wilder v. Cockrell*, 274 F.3d 255, 259 ("where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement"); *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir.2001). In other words, to have "fairly presented" his federal claim, the petitioner must have reasonably alerted the state courts to the federal nature of his claim. *Baldwin v. Reese*, 541 U.S. at 29-32, 124 S.Ct. at 1349-51 (holding a petitioner failed to "fairly present" a claim of ineffective assistance by his state appellate counsel merely by labeling the performance of said counsel "ineffective," without accompanying that label with either a reference to federal law or a citation to an opinion applying federal law to such a claim); *Wilder v. Cockrell*, 274 F.3d at 260 ("A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights.").

Not only must a federal *habeas* petitioner "fairly present" his federal constitutional claim to the state courts, he must fairly present his claims to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983).

In Louisiana, the highest state court is the Louisiana Supreme Court. Thus, in order to properly exhaust a claim in the Louisiana courts, a federal litigant must have (1) fairly presented the substance of his federal constitutional claims (2) in a procedurally correct manner according

9

to the rules of the state court (3) to the Louisiana Supreme Court.  *Deters v. Collins*, 985 F.2d

789, 795 (5th Cir.1993); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Beazley v.*

*Johnson*, 242 F.3d 248, 263 (5th Cir.2001).

In his *habeas* petition, petitioner argues four (4) grounds for relief:

(1)     The trial court refused to ascertain the extent to which the jury was tainted
        by having extraneous contact with government officials who gave jurors
        information about the case and about petitioner's prior criminal history
        and reputation;

(2)     The trial court provided faulty jury instructions which "... created a
        mandatory presumption relieving the State's burden of proof" by allowing
        the jury to convict the petitioner of aggravated burglary upon a finding
        that he committed a simple battery during the course of the burglary;

(3)     The trial court, once aware of the extraneous contact with jurors, denied
        petitioner due process by failing to provide additional peremptory
        challenges on *voir dire*; and,

(4)     The trial court denied petitioner the right to confront and cross examine
        the police officers who allegedly discussed the case and petitioner's
        criminal history in front of the jurors.

Doc. 1, pgs. 4-5.

Petitioner's first, third and fourth arguments concern the trial court's alleged failure to

address and correct potential jury bias.  Petitioner's second argument faults the trial court for

providing improper jury instructions.  As is shown hereinbelow, petitioner's first, third and

fourth arguments were not "fairly presented" to the Louisiana courts and therefore, state

remedies as to those claims were not exhausted.  Petitioner's second ground for relief is barred

by the procedural default doctrine.

**A.     *Exhaustion of State Court Remedies:  Claims One, Three and Four – Jury Bias***

10

Petitioner argues that claim number one (tainted jury) was raised on direct appeal to the Third Circuit as Assignment of Error Number 2 in the Original Brief filed by his court appointed appellate counsel, and as Assignment of Error Number 1 in his Supplemental *pro se* Brief.  He also argues that the claim was advanced thereafter as Assignment of Error Number 1 in his Louisiana Supreme Court writ application.  Petitioner further asserts that this Assignment was presented to the District Court and the Third Circuit Court of Appeal by way of petitioner's *pro se* application for post-conviction relief.[6]  Doc. 6, p.3.

In the Original Brief on Appeal filed by petitioner's court appointed attorney, the jury claim was designated Assignment of Error Number 5 and the argument was framed as follows: "The trial court erred in denying Mr. Brandenburg's motions for mistrial based on La. C.Cr.P. art. 775."  Doc. 6, Att. 1, Exhibit B, pp. 24-26.  However, as previously stated, counsel argued a violation of Louisiana law (La. C.Cr.P. art. 775 and the Louisiana jurisprudence interpretative thereof) and offered no federal component or Constitutional basis for this claim.  Contrary to petitioner's assertion, petitioner did not raise a jury claim in his Supplemental *pro se* Brief.  Doc. 6, Att. 1, Exhibit C.

Petitioner did argue the tainted jury issue in his *pro se* writ application filed in the Louisiana Supreme Court on direct review.  However, in that pleading, petitioner merely adopted the state law argument submitted by his court appointed attorney.  Doc. 6, Att. 1, Exhibit K, pp. 8-12.  In the writ application submitted by petitioner's court appointed counsel, he again argued

---

[6] As shown above, petitioner did not seek review of the denial of his post-conviction application in the Louisiana Supreme Court.  Therefore, unless the claims raised in the post-conviction proceedings were previously litigated in the Third Circuit and Louisiana Supreme Court on direct appeal, state remedies as to those claims, remain unexhausted.

the denial of mistrial as error, and included an additional claim that was not offered in the original appeal brief.  Counsel alleged that, "[t]he trial court erred in refusing to consider additional evidence and argument on the issue of jury taint by law enforcement officers, who engaged in numerous discussions with, and in the presence of, most of the jury pool as to the facts of the crime, and other bad acts by Mr. Brandenburg."  Doc. 6, Att. 1, Exhibit J, pp. 21-23. Once again, however, counsel failed to support this argument with any reference to federal law or citation to any federal opinion applying federal law to such a claim.

Clearly, the substance of claim number one was not fairly presented to either the Third Circuit or the Louisiana Supreme Court.  Petitioner did not alert either court to the federal nature of his claim; instead, he solely argued violations of Louisiana law.  Since the substance of claim one was not fairly presented to the Louisiana Supreme Court in a procedurally correct manner, petitioner cannot be found to have exhausted available state court remedies with respect to this claim.

Petitioner argues that claim three (denial of additional peremptory challenges) and claim four (denial of the right to confront and cross examine witnesses with regard to statements made to the jury pool) were both presented to the Third Circuit as Assignment of Error Number 5 in the Original Brief filed by petitioner's attorney and as Assignment of Error Number 5 in petitioner's Supplemental *pro se* Brief.  He also argues that the claims were raised by appellate counsel in the writ application filed in the Louisiana Supreme Court on direct review.  He argues that these claims were litigated in the post-conviction proceedings culminating in the Louisiana Supreme Court as Issue 3.[7] Doc. 6, p. 5.

_____

[7]  However, as shown above, petitioner did not seek review of the denial of his post-conviction application

Contrary to petitioner's assertions, Assignment of Error Number 5 on direct appeal complained of the trial court's refusal to grant a mistrial under Louisiana law after members of the jury venire allegedly were exposed to prejudicial comments made by law enforcement officials outside of the court room. [8]  While appellate counsel complained that trial counsel was unable to question the jurors as to this issue and had only one peremptory challenge remaining when the issue arose, it cannot be said that the instant claims were fairly presented, the fact remains that these allegations arose in the context of an argument in support of a motion for mistrial pursuant to La. C.Cr.P. art. 775 and not as substantive claims of juror misconduct or jury bias.[9]

---

in the Louisiana Supreme Court.

[8] Assignment of Error Number 5 complained, "[t]he trial court erred in denying Mr. Brandenburg's motions for mistrial based on La. C.Cr.P. art. 775."  Doc. 6, Att. 1, Exhibit B, p. 24.  As part of his argument in support of this Assignment, counsel alleged, "[i]n the present case, it was discovered at the end of the second day of jury selection, that many of the prospective jurors had been involved in discussing the case and Mr. Brandenburg's past, while waiting to be questioned.

"The problem was started by a jailer and an unknown uniformed police officer, who moved around the hallway, talking to numerous prospective jurors about the case and Mr. Brandenburg's past. ... By the second day, prospective jurors were eagerly swapping rumors about the case, and eager to get off of the case.

"If this wasn't disturbing enough, the trial court then shut down the defense counsel's efforts to determine the extent of the taint to the jury pool. He could not question anyone outside the last jury panel. He could not question the seated jurors.  He could not question released jurors.  He could not question anyone.

"At the time he learned of the problem, he had expended 11 of his peremptory challenges.  Jury selection was summarily concluded thereafter without any investigation into the problem.  As a result, Mr. Brandenburg, the state, and now this Honorable Court have no ideal [sic] who heard what specific facts of the offense from police officers, and who heard what inadmissible 'other crimes' evidence about him."  Doc. 6, Att. 1, Exhibit B, pp. 24-25.

[9] The Assignment of Error was framed and analyzed by the Third Circuit as follows:  "Defendant alleges that the trial court erred when it denied his motion for mistrial.  Defendant also asserts that the jury pool became contaminated.  Defendant states that it was 'discovered at the end of the second day of jury selection, that many of the prospective jurors had been involved in discussing the case and Mr. Brandenburg's past, while waiting to be questioned.'  Defendant argues that the trial court should have granted his motion for mistrial pursuant to La. Code Crim. P. art. 775, which, in pertinent part, provides, that '[u]pon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside of the courtroom makes it impossible for the defendant to obtain a fair trial."  *State v. Brandenburg*, 966 So.2d at 638.

Similarly the claims argued before the Louisiana Supreme Court, no federal Constitutional violations were identified.  As previously noted, petitioner did not raise these claims in his Supplemental *pro se* Brief. Doc. 6, Att. 1,  Exhibit C.

Further, with regard to the "jury bias" issue, counsel framed the issue as follows in his writ application before the Louisiana Supreme Court, "[t]he trial court erred in refusing to consider additional evidence and argument on the issue of jury taint by law enforcement officers, who engaged in numerous discussions with, and in the presence of most of the jury pool, as to the facts of the crime, and other bad acts by Mr. Brandenburg. The Trial Court further erred in refusing to grant Mr. Brandenburg's repeated motions for mistrial." Doc. 6, Att. 1, Exhibit J, p. 12.  In that argument counsel concluded by noting, ". . . the Third Circuit's opinion completely overlooks the main point of the assignment of error, that is, the trial court was in error in blocking additional questioning of witnesses on the issue.  The fact that Mr. Brandenburg was unable to confront and cross-examine the witnesses relating to jury tampering and taint, was not even addressed by the Third Circuit."  Doc. 6, Att. 1, Exhibit J, p. 23.

Once more, petitioner failed to fairly present the substance of claims three and four to the Third Circuit Court of Appeal or the Louisiana Supreme Court. Petitioner argued these claims as facts in support of his argument that the trial court erred in refusing to grant a mistrial.  At no time, in either the brief before the Third Circuit, or the writ application filed in the Louisiana Supreme Court, did petitioner identify a federal law component to these claims.

State court remedies, with regard to claims one, three, and four, were not exhausted since petitioner failed to fairly present the substance of his federal Constitutional claims to Louisiana courts.

### B.      Technical Exhaustion and Procedural Default

Since petitioner failed to fairly present the substance of claims one, three, and four on either direct appeal or collateral review, the state court remedies, with respect to those claims, remain unexhausted.   It appears, however, that these claims, while unexhausted, may be considered "technically" exhausted since it is unlikely that petitioner could return to the Louisiana courts to re-litigate these claims.[10]

Claims that are "technically" exhausted are nevertheless barred from review when petitioner's own procedural default renders state remedies unavailable.   See *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) ("[I]f the petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, . . . [then] there is a procedural default for purposes of federal *habeas*." *Id.* at 735 n. 1, 111 S.Ct. at 2557 n. 1).   In other words, although petitioner's claims may now be deemed "technically exhausted," we must nevertheless consider whether those claims are procedurally defaulted.

The procedural default doctrine bars federal *habeas corpus* review if the state courts would <u>now</u> refuse to address a *habeas* petitioner's unexhausted federal claim because litigation of those claims would be barred by state procedural rules.   Under Louisiana law, petitioner

---

[10] Clearly, petitioner could not submit another direct appeal, and, he would now be prohibited from seeking further review in the Louisiana Supreme Court of his application for post-conviction relief.  Under Supreme Court Rule X, §5(a), petitioner had a period of 30-days following the rendition of judgment in the Third Circuit within which to seek review of the Third Circuit's April 30, 2009, writ denial.  Finally, petitioner could not file a second round of post-conviction relief. La. C.Cr.P. art. 930.8 provides for a 2-year statute of limitations for filing applications for post-conviction relief. This limitation period is generally calculated from the date that the judgment of conviction became final under Louisiana law.  Petitioner's judgment of conviction became final under Louisiana law (La. C.Cr.P. art. 922) in the fall of 2007 following the Supreme Court's writ denial. The time limits established by law have now expired.  Finally, a new application, even if timely would be subject to dismissal as successive or repetitive under La. C.Cr.P. art. 930.4.

would be procedurally precluded from seeking review of his claims. See n.10. Therefore, claims one, three and four are procedurally defaulted.

**2.    *Traditional Procedural Default and Claim Two – Jury Instruction***

Petitioner argues that claim two (improper jury instruction) was raised as Assignment of Error Number 1 in his Supplemental *pro se* Brief on direct appeal to the Third Circuit and as Assignment of Error Number 1 in the Original Brief filed by his attorney. He argues that this issue was also presented to the Louisiana Supreme Court as Assignment of Error Number 1 in one of the writ applications filed before the Louisiana Supreme Court. He also maintains that this argument was raised in his application for post-conviction relief and litigated in the Supreme Court as Assignment of Error Number 2.[11]  Doc. 6, pp. 3-4.

Petitioner's court-appointed attorney did not argue a jury instruction claim in his Original Brief on appeal. While counsel did provide some argument on the instructions provided to the jury, the thrust of the argument was a claim of insufficiency of the evidence. Doc. 6, Att. 1, Exhibit B, pp. 19-21.

Petitioner did, however, raise an erroneous jury instruction claim in his Supplemental *pro se* Brief. Doc. 6, Att. 1, Exhibit C, pp. 2-3. Further, petitioner raised an erroneous jury instruction claim in his writ application filed in the Louisiana Supreme Court on direct review. Doc. 6, Att. 1, Exhibit K, pp. 13-15. It thus appears that this claim has been properly exhausted since it was litigated on direct appeal in the Third Circuit Court of Appeal and the Louisiana Supreme Court. However, review of this claim is precluded by the procedural default doctrine

---

[11] As shown above, petitioner did not seek review of the denial of his post-conviction application in the Louisiana Supreme Court.

since the Third Circuit, invoking the provisions of La. C.Cr.P. art. 841, declined review of the claim for failing to timely object to the allegedly suspect jury charge.

The procedural default doctrine bars federal *habeas* corpus review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991) ("[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51). This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1996). However, a petitioner can rebut this presumption by establishing that the procedural rule is not strictly or regularly followed. *Moore v. Roberts*, 83 F.3d 699 (5th Cir.1996). The burden is on the petitioner to show that a state court did not strictly and regularly follow the procedural bar at the time pertinent to his state court action. *Stokes v. Anderson*, 123 F.3d 840, 843 (5th Cir.1999); *Amos v. Scott*, 61 F.3d 333, 342, (5th Cir.1995); *Sones*, 61 F.3d at 416. In bearing the burden, the petitioner must demonstrate that the state failed to apply the procedural bar to claims which are identical or similar to the claims raised by him. *Stokes*, 123 F.3d at 860; *Amos*, 61 F.3d at 340.

17

With respect to his claim of improper jury instruction, the Third Circuit relied on La. C.Cr.P. art. 841 and refused to reach the merits on appeal because petitioner failed to timely object to the jury charge in question.  See *State v. Brandenburg*, 966 So.2d at 646-647.[12]  La. C.Cr.P. art 841, Louisiana's contemporaneous objection rule, prohibits appellate review of errors which were not objected to at trial.  The Louisiana Supreme Court and Louisiana courts of appeal have consistently and uniformly applied this rule to bar review of jury charge errors raised for the first time on appeal.  *See State v. Harris,* 2001-2730 (La. 1/19/2005), 892 So.2d 1238;  *State v. Cooper*, 2005-2070 (La. App. 1 Cir. 5/5/2006), 935 So.2d 194; *State v. Spears,* 39,302 (La. App. 2 Cir. 9/27/2006), 940 So.2d 135;  *State v. Guillory*, 95-383 (La App. 3 Cir. 1/31/96), 670 So.2d 301;  *State v. Lewis,* 2000-0053 (La. App. 4 Cir. 12/13/2000), 776 So.2d 613; *State v. Francis,* 95-194 (La. App. 5 Cir. 11/28/1995), 665 So.2d 595.

Further, the United States Supreme Court has determined that the violation of a state's contemporaneous objection rule provides sufficient grounds to support dismissal of a subsequent federal *habeas* petition as procedurally defaulted.  *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1984).

Although the Third Circuit seemingly addressed the merits of this claim after noting the procedural default, "[t]he rule in this circuit is that, when a state court bases its decision upon the alternative grounds of procedural default and a rejection of the merits, a federal court must, in the absence of good 'cause' and 'prejudice,' deny *habeas* relief because of the procedural default."

---

[12] In denying relief, the Court observed, "While we agree with the trial court that a reading of the definition of battery would have sufficed, Defendant did not object to the reading of the applicable degrees of battery to the jury. 'An irregularity or error cannot be availed of after verdict unless it was objected to at the time of the occurrence.' La. Code Crim. P. art. 841.

Moreover, as noted above, Defendant did not object to the charges being given to the jury for their clarification at the time. Accordingly, the alleged error was not preserved for appeal, and there is no merit in this

*Cook v. Lynaugh*, 821 F.2d 1072, 1077 (5th Cir.1987); *Hughes v. Dretke*, 412 F.3d 582, 592 -593 (5th Cir.2005).   Since the Third Circuit's opinion  was the last reasoned opinion of the state courts addressing petitioner's jury charge claim, and, since  that court specifically identified and invoked the procedural default, the Louisiana Supreme Court's subsequent one-word writ denial is presumed to have been based upon the same procedural default identified by the Third Circuit. See *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (Where there has been a reasoned state court judgment which explicitly rejects the federal claim on state procedural grounds, subsequent unexplained judgments upholding the previous judgment or rejecting the claim are presumed to rely upon the same ground.)

Since it is apparent that the courts of Louisiana regularly invoke the procedural default codified in La.C.Cr.P. art. 841, federal *habeas corpus* review of petitioner's claim two is prohibited by the procedural default doctrine.

**3.       *Cause and Prejudice or Miscarriage of Justice***

Federal *habeas* review of the technically exhausted but now procedurally defaulted jury bias claims (claims one, three and four) and of the traditional procedurally defaulted jury instruction claim (claim two) is barred ". . . unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51, 111 S.Ct. 2546,  115 L.Ed.2d 640 (1991).

On October 26, 2009 the undersigned, having recognized that petitioner's claims might be subject to dismissal as defaulted, noted

---

assignment of error." *Brandenburg*, *supra* at 647.

> . . . a preliminary review of the pleadings submitted thus far suggests that none of the claims for relief were presented to the Louisiana Supreme Court and therefore petitioner may not have exhausted state court remedies. It may well be that state remedies no longer exist, in which case, petitioner's claims might be subject to dismissal as procedurally defaulted unless petitioner can demonstrate that the claims were exhausted or that even if they were not he is entitled to habeas review because he has established cause for the default, prejudice resulting from the default, or, that a miscarriage of justice would ensue if his federal claims were not resolved on the merits.

Doc 5, pp. 4-5.  Thereafter, the order directing amendment provided,

> . . . in the event that any of petitioner's claims were denied on the basis of a procedural default, or, if the claim remains unexhausted but would be dismissed as procedurally defaulted were petitioner to file the claim anew in state court, <u>petitioner should submit a response demonstrating that federal *habeas* review of any such claims is not barred by the procedural default doctrine, e.g., facts demonstrating cause and prejudice, a miscarriage of justice, or a specific showing that the procedural bar applied in this case is not strictly or regularly applied by the state court or was misapplied in petitioner's case</u>.

(Emphasis supplied).  Doc. 5, p. 6.

Petitioner responded to the order on December 2, 2009, by filing an Amended Complaint and attaching the various exhibits noted herein and relied upon throughout this Report.  Doc. 6. In his amended complaint, he alleged that the exhibits ". . . demonstrate that each claim raised herein has been presented fairly and properly before all the Louisiana Courts so as to justify this Court entertaining and testing the constitutionality of the claims on the merits."  Doc. 6, p. 2. Petitioner's assertions, however, are not supported by the law and evidence.

Petitioner's claims one, three, and four (jury bias) were not fairly presented to the Louisiana courts and thus, his state court remedies remain unexhausted and now unavailable. Petitioner's claim two (improper jury instruction) was procedurally defaulted in the Third Circuit.  Although he was given the opportunity to provide evidence and argument to establish cause and prejudice or a miscarriage of justice, petitioner has not done so.  Nevertheless, the

undersigned has conducted a review of the pleadings and exhibits, and with respect to the issues of cause, prejudice, and miscarriage of justice notes the following:

**A.     Cause**

In *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Supreme Court explained that "cause" in the context of a procedural default refers to an impediment external to the defense.  In that case, the Supreme Court stated:

> [W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that 'some interference by officials' made compliance impracticable, would constitute cause under this standard.

*Murray v. Carrier*, 477 U.S. at 488, 106 S.Ct. at 2645 (internal citations omitted).

**i.     Ineffective Assistance of Trial and Appellate Counsel**

Petitioner may argue that the cause of his default of the jury bias claims (claims one, three, and four) was his appellate counsel's ineffective assistance – counsel's failure to "fairly present" the substance of his federal Constitutional claims to the Louisiana courts.  He may argue that the cause of his default of claim two (jury instruction) was the ineffective assistance of his trial counsel who failed to object to the allegedly unlawful jury charge and thus preserve the issue for review.

Counsel's ineffectiveness may suffice as "cause" but only if that ineffectiveness has been properly presented to, and exhausted in, the Louisiana courts as a separate and distinct claim for relief.  In other words, if petitioner intends to rely on the alleged ineffective assistance of trial and appellate counsel as cause, he must have first independently raised and exhausted that claim

21

in the Louisiana courts.  See *Edwards v. Carpenter*, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000); *Stewart v. LaGrand*, 526 U.S. 115, 120, 119 S.Ct. 1018, 143 L.Ed.2d 196 (1999); *Carrier*, 477 U.S. at 489.  This was not done in petitioner's case.  Petitioner did not litigate his post-conviction claims in the Louisiana Supreme Court.  When he presented his claim of ineffective assistance of counsel as post-conviction relief in the lower court, petitioner argued the ineffectiveness of his trial counsel but never argued his failure to make a contemporaneous objection to the jury charge.  Furthermore, petitioner has never alleged ineffectiveness of his appellate counsel.

In short, petitioner cannot rely on ineffective assistance of trial and appellate counsel as cause for his default.

### ii.    Ignorance of the Law

Petitioner may additionally argue that the inadequacies of his prison law library, coupled with his ignorance of the law, caused him to default his federal claims. Such allegations, however, are insufficient to establish cause excusing a *habeas* petitioner's default. Compare *United States v. Liedtke*, 107 Fed. Appx. 416 (5th Cir.2004) (unpublished); see also *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992).

Clearly, the cause of the default was petitioner's failure to properly advance his federal constitutional claims in a systematic manner to and in the Third Circuit Court of Appeal and the Louisiana Supreme Court. This failure was clearly not ". . . an impediment <u>external</u> to the defense . . . ." Thus, petitioner cannot show "cause" for his default.  If a *habeas* petitioner fails to demonstrate cause, the court need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir.1992).  Nonetheless, prejudice is discussed below.

22

### B.      Prejudice

According to the jurisprudence, "[i]n addition to cause, [a procedurally defaulted *habeas* petitioner] must show actual prejudice to overcome the procedural bar."   *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir.1996) (internal quotations omitted).   "The movant makes this showing where he demonstrates that, <u>but for</u> the error, he might not have been convicted." *Id.* (emphasis supplied); see also *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir.2003).   Actual prejudice requires a showing that, based on the success of the underlying defaulted claim, the result of the proceeding would somehow have been different.   *Barrientes v. Johnson*, 221 F.3d 741, 769 (5th Cir.2000).

Even if petitioner were to establish cause for his default, he has thus far made no attempt to establish prejudice and has provided no reason to suspect that the Louisiana courts would have ruled favorably on his defaulted claims or that he somehow might not have been convicted.

### C.      Miscarriage of Justice

Since petitioner has thus far failed to show "cause and prejudice" for his default, federal review of the defaulted claims may therefore be had only if necessary to avoid a fundamental miscarriage of justice.   *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546.

In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."   *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); *Glover v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997).   To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime.   *Corwin v. Johnson*, 150 F.3d

467, 473 (5 Cir.1998); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir.1995).  Thus, the petitioner must

make a "colorable showing of factual innocence."  *Callins v. Johnson*, 89 F.3d 210, 213 (5th

Cir.), *cert. denied*, 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996) quoting *McClesky v.*

*Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993).

Petitioner implies, but he has not shown that as a factual matter he is actually innocent of

the crime of aggravated burglary.  Indeed, the Third Circuit Court of Appeal provided an

exhaustive evaluation of the facts adduced at trial when it determined that the evidence was

sufficient to support petitioner's conviction.[13]  Thus far, petitioner has not shown that he will

suffer a fundamental miscarriage of justice from this Court's failure to consider his current

*habeas corpus* claims.  Accordingly, petitioner cannot avoid procedural default of his claims on

the grounds of actual innocence.[14]

### Conclusion and Recommendation

Petitioner has failed to present the substance of his jury bias claims (claims one, three and

four) to the Louisiana courts in a procedurally correct manner.  His jury instruction claim, (claim

two) while properly presented, was not considered because it was procedurally defaulted.  All of

petitioner's claims are subject to dismissal under various theories of exhaustion, technical

---

[13] As noted by the Third Circuit, the elements of aggravated burglary La. R.S.14:60 are:  "the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft herein, if the offender,  (1) Is armed with a dangerous weapon; or  (2) After entering arms himself with a dangerous weapon; or  (3) Commits a battery upon any person while in such place, or in entering or leaving such place . . . ."  *State v. Brandenburg*, 949 So.2d at 630.  Thereafter, the Court noted that the unauthorized entry element was established by the fact that petitioner "kicked the front door open" to gain entry. Petitioner's intention to commit a felony was established by his threats "to come to the house and kill everyone" or to "torch the place."  Thereafter, upon his entry, the remaining elements were established when petitioner both armed himself and committed a battery upon his victim. *Id.*, at pp. 633-634.

[14] Of course, petitioner may object to this Report and Recommendation.  In the event that he does object, he is encouraged to provide argument and evidence of "cause and prejudice" and "miscarriage of justice." Additionally, he is also encouraged to submit argument and evidence to establish that he either exhausted his federal claims, or that there were no state court remedies available, or that he still has the right to avail himself of state court

24

exhaustion and procedural default.  Petitioner has not shown cause or prejudice for his default; nor has he shown actual innocence so as to warrant review of his claims.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because claims one, three, and four were not fairly presented to the Louisiana courts and are now procedurally defaulted and because claim two was procedurally defaulted by the Louisiana courts.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

Signed in Chambers, Lake Charles, Louisiana, this 1st day of July, 2010.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

remedies.